UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ARLETH SOZA-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Warden of Adelanto ICE Processing Center, et al.,<br><br>Respondents. | Case No. 5:26-cv-03792-PD<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A# 246-111-978** |

Mitchell Arleth Soza-Lopez ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No. 1.  The Court has considered the Petition and Respondents' Answer, which does not present an opposition argument.  Dkt. No. 9.

## I.    Background

Petitioner is a citizen of Nicaragua, who entered the United States on October 21, 2022, near Eagle Pass, Texas, and was apprehended by

immigration authorities. Dkt. No. 1, Petition ¶ 53. On October 22, 2022, the Department of Homeland Security ("DHS") paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5) and released her from custody. Thereafter, Petitioner filed an application for asylum and withholding of removal with the United States Citizenship and Immigration Services ("USCIS"), which remains pending. Dkt. No. 1-1 at 8 (Annual Asylum Fee Receipt dated 12/15/22).

Since her release, Petitioner has complied with Immigration and Customs Enforcement ("ICE") check-in appointments, biometrics appointments, maintained steady employment, paid taxes, and always kept her address current with the government. Petition ¶ 3; Dkt. No. 1-1 at 13 (Petitioner's Employment Authorization Card). Petitioner has no criminal record. Attached to the Petition are letters from Petitioner's employer, coworkers, and community members "attesting to her honesty, work ethic, and moral character." Petition ¶ 55; Dkt. No. 1-1, Exhibit H at 28–31.[1]

On July 1, 2026, Petitioner appeared for a routine check-in at the ICE Office in Los Angeles and was detained. Petition ¶ 5. ICE took Petitioner's personal belongings, including her California REAL ID Card, Social Security Card, and Employment Authorization Document. *Id.* That same day, DHS issued Petitioner a Notice to Appear, which placed her in detained removal proceedings. *Id.* ¶¶ 5–6. Petitioner was subsequently transferred to the Adelanto ICE Processing Center, where she remains detained. *Id.* ¶ 1.

According to Petitioner, prior to her re-detention, she was not notified that her parole was revoked and therefore was not given any notice or

---

[1] Attached to the Petition are various additional exhibits, including Petitioner's parole paperwork, asylum application paperwork, a notice of approval of her employment authorization, copies of her photo identification, Petitioner's W-2 and Federal Tax Return for 2024, earnings statements, her residential rental agreement, and Notice to Appear, dated July 1, 2026. *See* Dkt. No. 1-1.

opportunity to contest her detention. *Id.* ¶ 63. In fact, as of the date of filing the Petition, a bond hearing has neither been scheduled nor been held for Petitioner. *Id.* ¶ 64.

## II.   Discussion

The Petition raises three claims: (1) Petitioner's detention violates 8 U.S.C. § 1226(a); (2) Petitioner's denial of a bond hearing pursuant to 8 U.S.C. § 1225(b)(2) violates the Administrative Procedure Act ("APA"); and (3) Petitioner's re-detention without a pre-deprivation hearing violated her right to procedural due process under the Fifth Amendment. *Id.* ¶¶ 69–81.

### A.   Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.    Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner has resided in the United States for approximately three years and eight months, since October 22, 2022.  Petition ¶ 2.  During this time, she has worked to support herself, paid taxes, and has lived continuously in Southern California.  *Id.* ¶¶ 3, 55.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."  *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'"  *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

## 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where she has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community"). Petitioner states that she diligently complied with all reporting requirements and has no criminal history. Respondents do not contend that changed circumstances prompted revocation of Petitioner's release.

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a danger or flight risk requiring her detention. *See*

5

8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). Since then, Petitioner has established substantial ties with the community and has complied with all reporting requirements.

Respondents' Answer to the Petition does not present an opposition argument to Petitioner's claims, or to her request for release.[2] *See* Dkt. No. 9.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]'" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3,

---

[2] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

2025)).  "In immigration court, custody hearings are routine . . . ."  *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in her unnecessary detention, and any government interest in refusing to provide such process is minimal.  The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.  Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims.  Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III.   Conclusion

The Court grants the Petition based on Count Three under procedural due process and dismisses the remaining counts without prejudice.  The prayer for relief requests both preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner.  Petition at 23.  However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

7

## IV.    Order

For the foregoing reasons, the Petition is GRANTED as to Count Three, and the remaining counts are dismissed without prejudice.

Petitioner Mitchell Arleth Soza-Lopez (A# 246-111-978) is **ordered released** on her prior conditions of release within 24 hours of this Order.

At the time of release, **Respondents are ordered** to return to Petitioner all of Petitioner's personal belongings that were seized from her, including her California REAL ID Card, Employment Authorization Document, and Social Security Card.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of her personal belongings, including the above-listed items.

IT IS SO ORDERED.


DATED: July 17, 2026

Patricia Donahue

_____
Patricia Donahue
United States Magistrate Judge

8